IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA MARQUEZ

      **Plaintiff,**

    v.                                         Civ. No. 18-133 MV/SCY

ALBUQUERQUE PUBLIC SCHOOLS
and ALBUQUERQUE SCHOOL BOARD,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

**THIS MATTER** comes before the Court on Plaintiff Barbara Marquez's Motion for Sanctions Based on Spoliation of Evidence, Doc. 76, filed May 30, 2019 and fully briefed July 11, 2019, Docs. 85, 89. Having considered the parties' arguments and all relevant authority, the Court denies Plaintiff's Motion for Sanctions.

### BACKGROUND

In this lawsuit, Plaintiff brings unlawful discrimination claims against Albuquerque Public Schools and Albuquerque School Board (collectively "APS"). Doc. 1-2 at 6-12. Plaintiff alleges that on July 26, 2016 she applied and was later interviewed by APS for an athletic trainer position at Volcano Vista High School, but that APS hired a younger, unqualified male, Enrique Ochoa. Doc. 1-2 at 3-4, ¶¶ 13, 15. Plaintiff had previously filed a lawsuit against APS for discrimination, which ended in a settlement. Doc. 1-2 at 3, ¶ 10. She alleges she was passed over for the athletic trainer position in retaliation for her previous lawsuit, and that APS discriminated against her on the basis of age and sex. Doc. 1-2 at 4, ¶ 16.

Plaintiff interviewed for the athletic trainer position with Volcano Vista principal Valerie Atencio and Athletic Director Ben Brown. During the interviews of both Plaintiff and Mr.

Ochoa, Ms. Atencio and Mr. Brown used an Athletic Trainer Interview form. Doc. 76-2 at 65:5-17; Doc. 76-3 at 83:24- 84:6. The form has thirteen questions, a space for making notations, and a space to rank the interviewees' answers from 0 to 5. Doc. 76-1. Mr. Brown testified that after he completed the forms he gave them to Ms. Atencio. Doc. 76-3 at 85:21-23. Ms. Atencio testified that she discarded the forms around June 2017, roughly ten months after the interviews. Doc. 76-2 at 66:22-67:3. In the present motion, Plaintiff moves for sanctions against Defendant APS for failure to preserve the interview forms. The only sanctions Plaintiff requests are for the Court to impose liability on APS and find that the discrimination was the proximate cause of Plaintiff's damages. Doc. 76 at 5. In other words, Plaintiff asks for the most severe of sanctions, a default judgment. The Court does not consider whether lesser sanctions would be appropriate because Plaintiff does not request any.[1]

## LEGAL STANDARD

"District courts have 'substantial weaponry' in their arsenal to shape the appropriate relief for a party's spoliation of evidence." *Helget v. City of Hays, Kan.*, 844 F.3d 1216, 1225-26 (10th Cir. 2017).[2] Such rulings are reviewed for abuse of discretion. *Id.* at 1225. "Among the options, a court may strike witnesses, issue an adverse inference, exclude evidence, or, in

---

[1] In reply, Plaintiff argues that if the Court does not impose liability, it should impose adverse inference instructions, also a harsh sanction. Because Plaintiff raised this argument for the first time in a reply brief and Defendant has not had the opportunity to address the argument, the Court will not now consider this alternative sanction request. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Further, whether to allow Plaintiff to make this request again before trial and, if allowed, whether to grant the request, is best left to the presiding judge. Similarly, Plaintiff has other means of addressing the destruction of the forms, such as through the cross-examination of Ms. Atencio at trial, the scope of which the presiding judge is in the best position to define.

[2] There is some dispute between the parties about whether federal or state law applies to this issue. Because Plaintiff brought this lawsuit under Title VII, and because the Court is not sitting in diversity jurisdiction, federal law applies.

extreme circumstances, dismiss a party's claims." *Id.* at 1226 (citations omitted). "Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009). "But if the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith." *Id.*; *see also Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015 ) ("The entry of default judgment or the imposition of adverse inferences require a showing of bad faith."). "Without a showing of bad faith, a district court may only impose lesser sanctions." *Id.*

## DISCUSSION

**1. Plaintiff's motion is timely filed.**

Defendant first argues that the Court should deny Plaintiff's motion as untimely. The deadline for the parties to file motions related to discovery was May 14, 2019. Doc. 60. Plaintiff filed the current motion on May 30, 2019, the deadline by which the parties had to file pretrial motions. *Id.* Defendant argues that because Plaintiff is requesting discovery sanctions under Rule 37 – that the Court render a default judgment against the disobedient party under Fed. R. Civ. P. 37(b)(2)(A)(vi) – she was required to file her motion by the discovery motions deadline.

Plaintiff, on the other hand, argues that she is not seeking discovery sanctions under Rule 37 but sanctions under a spoliation of evidence theory. Doc. 89 at 4. The Tenth Circuit has held that "plaintiffs must be 'diligent in the defense of their own interests' and should seek sanctions under Federal Rule of Civil Procedure 37 to remedy any prejudice caused by spoliation." *Turner*, 563 at 1149 (citing *Mathis v. John Morden Buick, Inc.*, 126 F.3d 1153, 1156 (7th Cir. 1998)). However, "[w]hen a plaintiff fails to seek sanctions under Rule 37" she "'forecloses access to the substantial weaponry in the district court's arsenal,' [and] the plaintiff's only remaining option is

3

to seek sanctions under a spoliation of evidence theory." *Id.* (citing *Mathis*, 126 F.3d at 1155). That theory requires a showing of bad faith. *Id.*

Although Plaintiff could have filed this motion as a discovery motion under Rule 37, she choose to bring her motion under a spoliation of evidence theory. She therefore was not required to file her motion by the discovery motions deadline. But because Plaintiff is pursuing a spoliation theory and not requesting a lesser sanction available from the Court's "substantial arsenal," she must make a showing of bad faith. Plaintiff thus cannot obtain default judgment merely by showing that Defendant had a duty to preserve the evidence and that Plaintiff was prejudiced by the loss.

2. **Plaintiff has not shown prejudice or bad faith sufficient to support her requested sanctions.**

After being turned down for the athletic trainer position, Plaintiff filed a charge of discrimination with the New Mexico Department of Workforce Solutions and presented the charge to the U.S. Equal Employment Opportunity Commission. Doc. 76-4. On September 16, 2016, the Department sent a copy of the charge to APS. Docs. 76-5, 76-6. Along with a copy of the charge, the Department sent APS information on the charge of discrimination, including a recitation of 29 C.F.R. § 1602.14. Doc. 76-6. Section 1602.14 requires that "[a]ny personnel or employment record made or kept by an employer . . . shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later." Section 1602.14 also requires that "[w]here a charge of discrimination has been filed . . . against an employer under title VII . . ., the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action." Here, Ms. Atencio testified that she discarded the interview forms roughly 10 months

after the interviews. Indeed, APS acknowledges that it had a duty to preserve the interview forms under Section 1602.14, which it did not meet. Doc. 85 at 6.

Although APS failed to satisfy its duty to preserve the interview forms, Plaintiff is not entitled to her requested spoliation sanctions because she has not shown sufficient prejudice to justify such sanctions. The Court agrees that the loss of the interview forms prevented Plaintiff from obtaining the actual notes and scores Mr. Brown and Ms. Atencio wrote during the interviews. The Court also agrees that, depending on what was on those forms, their loss could prejudice Plaintiff. This potential prejudice, however, does not justify the only relief Plaintiff requests: a finding of liability against Defendant.

The Tenth Circuit requires a finding of actual, rather than theoretical prejudice. *Turner*, 563 F.3d at 1150; *see also Derrick v. Standard Nutrition Co.*, No. Civ 17-1254 RB/SMV, 2019 WL 2024960, at *13 (D.N.M. May 8, 2019) (denying sanctions when the moving party did not establish "a reasonable probability, based on concrete evidence rather than a fertile imagination" that the evidence at issue would be favorable to their case). Plaintiff repeatedly argues that she has been prejudiced by the destruction of the forms because the forms would have shown that Mr. Ochoa was unqualified for the position. But she offers no evidence to support that assertion, other than speculating that the forms must have been favorable to her or APS would not have destroyed them. Such a speculation does not show actual prejudice.

Further, the Tenth Circuit has affirmed a finding of no prejudice from the loss of information where the adverse party "had access to a significant amount of evidence regarding" the same subject. *Turner*, 563 F.3d at 1150; *see also McCauley v. Bd. of Comm'rs for Bernalillo Cnty.*, 603 F. App'x 730, 736 (10th Cir. 2015) (no prejudice where the missing recordings "were not [plaintiff's] only source of information about" the subject). Here, Plaintiff was able to depose

5

Mr. Brown and Ms. Atencio and question them about the interviews and their hiring decision. She was also able to depose Mr. Ochoa and receive his personnel records.

Plaintiff points out that because the depositions took place over two years after the initial interviews, Ms. Atencio was unable to remember exactly how she filled out the forms. Doc. 89-3. Plaintiff asserts that the depositions do not provide the same information that the interview forms, made contemporaneously with the interview, would have provided her. Plaintiff cites *United States v. Regents of New Mexico State University*, No. 16-CV-911 JAP/LF, 2018 WL 3719240 (D.N.M. Aug. 3, 2018) for this proposition. In *Regents*, the Court found that destruction of recruitment files in a gender discrimination case prejudiced the plaintiff because "there is no substitute for the contemporaneous salary comparisons and any notes these recruitment files may have contained . . . ." *Id.* at *3. To remedy the prejudice, the court excluded certain evidence. *Id.* Even applying the reasoning in *Regents*, the outcome in this case cannot be the same because Plaintiff is not asking for a lesser sanction, such as excluding evidence. Plaintiff is asking for the harshest sanction, default judgment, which requires a showing of actual prejudice.

Plaintiff is also not entitled to her requested sanctions because she has not made a showing of bad faith. Bad faith amounts to some showing of willful destruction of evidence. *See Browder v. City of Albuquerque*, 187 F. Supp. 3d 1288, 1300 n.6 (D.N.M. 2016) (citations omitted). "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Turner*, 563 F.3d at 1149 (internal quotations omitted). Plaintiff argues that Defendant APS had a duty to preserve the forms, and its failure to comply with that duty constitutes bad faith. In other words, Plaintiff argues that because Ms. Atencio destroyed the forms, she must have done it deliberately and willfully. This reasoning equates duty to preserve with bad faith. The parties agree that Ms. Atencio

6

prematurely discarded the forms in violation of Section 1602.14. Yet, a showing that Ms. Atencio discarded the forms when APS had notice of the EEOC charge is not the same as a showing that Ms. Atencio discarded the forms in bad faith. Ms. Atencio testified that she discarded the forms as part of her normal practice at the end of the school year. Doc. 76-2 at 64:21-66:24. Such action does not rise to the level of willful destruction, but is closer to mere negligence.

Defendant asserts that Ms. Atencio did not act in bad faith because she was unaware of the EEOC charge of discrimination when she discarded the forms "primarily because the state agency which investigated Plaintiff's claim did not interview or contact Ms. Atencio." Doc. 85 at 1. However, the agency notified APS, Docs. 76-5, 76-6, and APS had a duty to impose a litigation hold and "suspend its routine documents retention/ destruction policy. . . ." *United States ex. rel. Baker v. Cmty.*, No. Civ 05-279 WJ/ACT, 2012 WL 12294413, at *2 (D.N.M. Aug. 31, 2012). Similarly, in *Martinez on behalf of Estate of Martinez v. Salazar*, the court found that the defendants never distributed the plaintiffs' preservation letter "and, as a result, failed to institute any form of a litigation hold, or otherwise make an effort to preserve evidence related to this case." No. Civ. 14-534 KG/WPL, 2017 WL 4271246, at *4 (D.N.M. Jan. 26, 2017). Yet, the *Martinez* court could not conclude that the defendants acted in bad faith and instead found that they were grossly negligent. *Id.* at *5. Similarly here, Plaintiff has not presented any evidence that Defendant APS or Ms. Atencio acted in bad faith. Accordingly, the Court cannot impose the harsh sanction of default judgment requested by Plaintiff.

For these reasons, Plaintiff's Motion for Sanctions Based on Spoliation of Evidence (Doc. 76) is **DENIED**.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE